# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**IN RE:**

EUGENE BRYANT

Debtor(s)

Case No.: 10-53499

Chapter: 13

Hearing Date: January 24, 2011

Judge Pamela S. Hollis

## NOTICE OF MOTION

**TO:**  Marilyn O. Marshall, Trustee, , by electronic notice through ECF.
Glenda J. Gray, Attorney for Debtor, Law Offices of Glenda J. Gray, 330 North Wabash Ave, Suite 2618, Chicago, IL 60611, by electronic notice through ECF.
Eugene Bryant, 7958 S. Paxton, Chicago, IL 60617

PLEASE TAKE NOTICE that on the January 24, 2011 at 9:30 am, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Pamela S. Hollis, Bankruptcy Judge, in the courtroom usually occupied by her at 219 S. Dearborn Street, Chicago, IL, Courtroom 644, Chicago, Illinois, or before any other Bankruptcy Judge who may be sitting in her place and stead, and shall then and there present this Motion of the undersigned, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith, at which time you may appear if you so desire.

## PROOF OF SERVICE

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed above, as to the Trustee and Debtor's attorney via electronic notice on January 7, 2011 and as to the debtor by causing same to be mailed in a properly addressed envelope, via standard overnight FedEx before the hour of 5:00 PM on January 7, 2011.

/s/ J. Ryan Potts
Attorney for Movant

J. Ryan Potts ARDC#6278264
Brotschul Potts LLC
230 W. Monroe Street
Suite 230
Chicago, IL 60606
312-551-9003 phone
312-277-3278 fax

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **IN RE:** | Case No.: 10-53499 |
| EUGENE BRYANT | Chapter: 13 |
| | Hearing Date: January 24, 2011 |
| Debtor(s) | Judge Pamela S. Hollis |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR SANCTIONS

**NOW COMES** DELVISION SB1, LLC, an Illinois limited liability company (hereinafter "Movant"), by and through its attorneys, Brotschul Potts LLC, and moves this Honorable Court pursuant to 11 U.S.C. §362(d) for an Order granting Movant relief from the automatic stay and pursuant to Fed. R. Bankr. P. 9011 for sanctions, and in support thereof states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and General Rule 2.33 of the United States District Court for the Northern District of Illinois;

### RELIEF FROM STAY

2. The Debtor and the Chicago Title Land Trust Company, as Trustee under Trust Agreement dated September 19, 2005 and known as Trust No. 1114803 (the "Trust"), are indebted to Movant for which the Movant claims a valid security interest in the property commonly known as 1360-74 E. 70th Street, Chicago, IL;

3. This security interest arose from a Note and Mortgage, executed by the Debtor and the Trust on March 6, 2007, in the amount of $450,000.00;

4. Enforcement of this security interest has been stayed automatically by operation of 11 U.S.C. §362 of the Bankruptcy Code upon Debtor filing of this petition on December 2, 2010;

5. Movant is entitled to relief from the automatic stay under 11 U.S.C. §362(d) for the following reasons:

    a. The Debtor is in default in the performance of the terms and conditions of said Note and Mortgage and is contractually bound for the total default as of December 2, 2010 in excess of $344,393.86, including post-petition attorneys' fees and costs;

    b. The Estimated Payoff amount is $344,393.86. The Estimated fair market value of the property is $140,000.00, per Debtor's Schedules. That to the best of Movant's knowledge, no non-exempt equity exists in the subject property or any equity that does exist is so insubstantial as to be of little or no benefit or burdensome to the estate;

    c. The above is especially true when considering the cost of selling the property, as outlined below:

        Fair Market Value: $140,000.00.
        Less Lien Payoff and Cost of Sale:
            Estimated Payoff: $344,393.86
            Broker's Commission (6% of FMV): $8,400.00
            Other Closing Costs (estimated): $2,000.00

        Net Proceeds of Sale: $0
        (assuming no capital gains need to be paid)

6. Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding which have been included in the calculation of any default figures quoted herein subject to court approval, including:

        $1,200.00    for preparation of Notice and Motion for Relief from the Automatic Stay and for Sanctions [Affidavit attached hereto as Exhibit A].

        $150.00    for Court filing fee

7. This Court has authority to order that Rule 4001(a)(3) is not applicable to the order entered in granting this motion, and Movant requests this Court so order.

SANCTIONS

8. The Debtor has previously filed for Chapter 13 bankruptcy on September 22, 2008 (08 B 25151), on March 6, 2008 (08 B 07224), and on November 1, 2007 (07 B 20409).

9. 08 B 25151 was dismissed due to the Debtor's failure to make payments according to the plan. [*See* Order dated May 4, 2009, attached hereto as Exhibit B]. In fact, the Debtor made only one payment to scheduled creditors in that case. [*See* Chapter 13 Standing Trustee Final Report and Account dated July 16, 2009, attached hereto as Exhibit C]. Moreover, it is apparent from the Trustee's motions that the Debtor was delaying proceedings and being uncooperative. [See Trustee's Motion to Dismiss for Unreasonable Delay, dated December 2, 2008, attached hereto as Exhibit D, and Trustee's Motion to Dismiss for Unreasonable Delay, dated January 13, 2009, attached hereto as Exhibit E]. Lastly, and demonstrative of the Debtor's intentions in filing Chapter 13 bankruptcies, Debtor filed the petition in 08 B 25151 eleven (11) days after the Movant's predecessor in interest in the mortgage foreclosure case (07 CH 26723) filed its Motion for Order of Default, which was filed September 11, 2008 in the Circuit Court of Cook County.

10. 08 B 07224 was dismissed because the Debtor exceeded the statutory debt limitations. [*See* Order dated August 11, 2008, attached hereto as Exhibit F].

11. 07 B 20409 was dismissed because the Debtor failed to comply with 11 USC section 1326 and failed to attend a meeting of the creditors as required by 11 USC section. [*See* Trustee's Motion dated January 29, 2008, attached hereto as Exhibit G, and Order dated February 6, 2008, attached hereto as Exhibit H]. In fact, in that case, the Debtor made no payments according to the plan. [*See* Final Report and Account, dated March 18, 2008, attached hereto as Exhibit I].

12. The Debtor's financial position has not materially changed since his past filings. [*See* Chapter 13 Statements of Current Monthly Income and Calculation of Commitment Period and Disposable Income, attached hereto as Exhibits J - M]. The Debtor's disposable monthly income on September 22, 2008 was $12,400.99 [*See* Exhibit J]; on March 6, 2008, it was $12,557.32 [*See* Exhibit K]; and on November 1, 2007 it was $12,865.83 [*See* Exhibit L]. The Debtor's disposable monthly income on December 2, 2010, reported in this current case, was $12,400.99. [*See* Exhibit M].

13. At the time of the November 1, 2007 and the 2008 filings, the same mortgage foreclosure case (07 CH 26723) that the Movant seeks to litigate was pending in the Circuit Court of Cook County. However, the case has been inactive since September 2009. Only after the Movant, as successor in interest to the creditor who initially filed the case, filed its Motion for Substitution of Plaintiff on October 27, 2010, its Motion for Substitution of Counsel on November 5, 2010 and its Motion To Place Mortgagee in Possession on November 23, 2010 did the Debtor file this fourth Chapter 13 bankruptcy on December 2, 2010. [See Motions filed with the Circuit Court of Cook County, attached hereto as Exhibit N]. In fact, Debtor filed this petition approximately two (2) hours before the Motion to Substitute Plaintiff Motion was to be heard. [See Notice of Motion to Substitute Plaintiff, attached hereto as Exhibit O].

14. Each time the Debtor files Chapter 13 bankruptcy, the Movant, or its predecessor in interest, must expend time and money striking any current motions in its state foreclosure proceeding, attending any bankruptcy court dates, attending the meeting of the creditors and filing a Motion for Relief From Stay.

15. Where a petition is not filed for legitimate rehabilitative purposes, but rather solely to delay foreclosure, the Court should impose sanctions on the debtor's attorney as a partial reimbursement for attorney's fees of the creditor. *In re Perez*, 43 B.R. 530 (Bankr. S.D. Tex. 1984), *In re Douglas*, 141 B.R. 252 (Bankr. N.D. Ga. 1992).

16. While bankruptcy filing on the eve of foreclosure is not per se bad faith, a penchant for doing so is evidence of bad faith. *In re Penny*, 243 B.R. 720 (Bankr. W.D. Ark. 2000). Petitions filed solely to buy time, without a change of circumstances or intent to reorganize, are not filed in good faith and for a proper purpose. *In re Kinney*, 51 B.R. 840 (Bankr. C.D. Cal. 1985).

17. While a lawyer is not a guarantor of her client's performance, she is not free to file one case after another in bad faith solely to frustrate creditors and make a mockery of the protections afforded under the Bankruptcy Code. Fed. R. Bankr. P. 9011; *In re Oliver*, 323 B.R. 769 (Bankr. M.D. Ala. 2005).

18. Like Fed. R. Civ. P. 11, Fed. R. Bankr. P. 9011 establishes duties to both the opposing side and the legal system as a whole, and is designed to curb needless expense and delay and to free the courts from litigation that strains scarce judicial resources. *In re Standfield*, 152 B.R. 528 (Bankr. N.D. Ill. 1993).

19. In situations similar to the present case, courts have imposed sanctions. *See In re Penny*, 243 B.R. 720 (Bankr. W.D. Ark. 2000) (the filing of five successive Chapter 13 petitions on the eve of foreclosure sales by creditors revealed a pattern of intentional misuse of the stay in bankruptcy, justifying the imposition of sanctions); *In re Standfield*, 152 B.R. 528 (Bankr. N.D. Ill. 1993) (imposing a $1,537 sanction upon the debtors' attorney for filing a second Chapter 13 case solely to delay an impending foreclosure proceeding after a motion to reimpose the automatic stay was denied in the first case); *In re Kinney*, 51 B.R. 840 (Bankr. C.D. Cal. 1985) (where various

members of one family filed eight Chapter 13 cases in a 25 month period, successfully stopping the foreclosure sale of their commercial property numerous times, the court ordered the debtors' attorney to pay at least $2,500 to the creditor for costs and fees).

20. This Court should impose sanctions. This fourth Chapter 13 bankruptcy filing is in bad faith and the Debtor's attorney should be required to reimburse the Movant for its attorney's fees. The Debtor, without any significant change in financial position since his 2007 and 2008 filings where he exhibited no intent to use Chapter 13 bankruptcy for its rehabilitative purpose, is merely using this fourth filing as a ploy to delay the foreclosure proceeding against 1360-74 E. 70th Street, Chicago, Illinois. Further, given that the timing of this fourth filing coincides with the Movant's re-activating the foreclosure proceeding against 1360-74 E. 70th Street, Chicago, Illinois, which had been inactive since September 2009, it is clear this filing was in bad faith.

**WHEREFORE,** DELVISION SB1, LLC prays this Court enter an Order pursuant to 11 U.S.C. §362(d) modifying the automatic stay as to Movant, allowing the fees and costs described herein to be added to the indebtedness pursuant to the terms of the note and mortgage, pursuant to Fed. R. Bankr. P. 9011 imposing sanctions on the Debtor's attorney, waiving the fourteen (14) day grace period under Rule 4001(a)(3), and for such other and further relief as this Court may deem just and proper.

Dated this January 7, 2011.

                                                                        Respectfully Submitted,

                                                                        DELVISION SB1, LLC

                                                                        By:  ___/s/ J. Ryan Potts_____
                                                                              One of its Attorneys

J. Ryan Potts ARDC#6278264
Brotschul Potts LLC
230 W. Monroe Street
Suite 230
Chicago, IL 60606
312-551-9003 phone
312-277-3278 fax

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.